

# Fourth Court of Appeals
## San Antonio, Texas

October 11, 2021

No. 04-21-00371-CV

Veronica **CUELLAR** and Eduardo Cisneros,
Appellants

v.

Sunita **PUNJABI,**
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2021CV02244
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a default judgment of possession in favor of appellee on August 25, 2021. The clerk's record also shows the county clerk subsequently issued a writ of possession to enforce the judgment. The supplemental clerk's record shows the writ of possession was executed and the property was "turned over to [appellee]" on September 10, 2021. Neither the clerk's record nor the supplemental clerk's record shows that appellants requested or paid a bond to supersede the judgment. *See* TEX. PROP. CODE ANN. § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When an appellant fails to file a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless the forcible detainer defendant (1) timely and clearly expressed his intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

Because the record appears to show that appellants did not request or pay a supersedeas bond, that the writ of execution was subsequently executed, and that appellee has taken possession of the property, this appeal may be moot. We therefore **ORDER** appellants to file a written response **by October 21, 2021** explaining: (1) whether the writ of possession was executed; and (2) why this appeal should not be dismissed as moot.

All other appellate deadlines are suspended until further order of this court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of October, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court